# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KAMEON VANKEIS AARON,
ADC #129521                                                                                      PLAINTIFF

V.                                    5:12CV00097 DPM/JTR

JOHN M. FELTS,
Chairman, Arkansas Parole Board, et al.                          DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Kameon Vankeis Aaron, is a prisoner at the Varner Super Max Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. *See* docket entry #2.

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice.[1]

## II. Discussion

Plaintiff alleges that Defendants Parole Officer McMiller, Parol Officer Armstrong, Arkansas Parole Board Member John M. Felts, and the Arkansas Parole Board violated his due process rights when they denied his requests for: (1) release on parole; and (2) participation in prison programs that would have increased his chance of being released on parole. *See* docket entry #2.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

The Arkansas Parole Board is not a "person" amenable to suit in a § 1983 action. *See Deloria v. Lightenberg*, Case No. 10-2358, 2010 WL 4340968 (8th Cir. Nov. 4, 2010) (unpublished opinion); *Zar v. S.D. Bd. of Exam'rs of Psychologists*, 976 F.2d 458, 464 (8th Cir. 1992).

Similarly, Defendants Felts, McMiller, and Armstrong are entitled to absolute immunity when deciding whether to grant or deny parole. *See Deloria,* 2010 WL 4340968; *Ambrose v. Schultz*; Case No. 06-1565, 2007 WL 403502 (8th Cir. Feb. 7, 2007) (unpublished opinion); *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006); *Figg v. Russell,* 433 F.3d 593, 597-98 (8th Cir. 2006).

Finally, it is well settled that a prisoner does not have a constitutional right to release on parole or participation in discretionary prison programs that might increase his chance for being released on parole. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011); *Mahflouz v. Lockhart*, 826 F.2d 791, 793-94 (8th Cir. 1987). Thus, Plaintiff has failed to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  This case be DISMISSED, WITH PREJUDICE, because Defendants are entitled to absolute immunity and Plaintiff has failed to state a claim upon which relief

may be granted.

2.Dismissal of this action CONSTITUTE a "strike," under 28 U.S.C. § 1915(g).

3.The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 3rd day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE